**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Alan Eduardo Sepulveda-Sandoval,<br><br>  Defendant. | No.  CR 23-010-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the pro se Motion for Sentence Reduction Under 18 U.S.C. §3582 Under Amendment 821 (Doc. 51) filed by Defendant Alan Eduardo Sepulveda-Sandoval ("Sepulveda-Sandoval").  Sepulveda-Sandoval seeks appointment of counsel and reduction of his sentence.

*Factual and Procedural Background*

On August 30, 2023, Sepulveda-Sandoval entered a plea of guilty in this case pursuant to a plea agreement.  Sepulveda-Sandoval pleaded guilty to the Indictment charging a violation of 8 U.S.C. § 1326(a), with a possible sentencing enhancement under 1326(b)(l) or 1326(b)(2), Reentry of Removed Alien.  The factual basis for the plea agreement provided:

> I further admit the following facts are true and if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:
>
>> I am not a citizen or national of the United State.  I was removed from the United States through San Ysidro, California, on June 1, 2020.  I was

>voluntarily present and found in the United States at or near Douglas, Arizona, on December 9, 2022. I was not under constant, continuous observation from the time I crossed the border until the time I was found on December 9, 2022. I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.
>
>I further admit that I was under a term of supervised release or probation in CR-14-0059-RSL out of the Western District of Washington when the present offense was committed.
>
>I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

Plea Agreement (Doc. 32, p. 8).

The plea agreement also reflected the agreement of the parties that Sepulveda-Sandoval's sentence would be between 51 months to 63 months' imprisonment if his Criminal History Category was V.[1]

Further, the plea agreement included a waiver of defenses and appeal rights:

>Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5Cl.2 and 18 U.S.C. §3553(f)), and **any sentencing guideline determinations**. The sentence is in accordance with this agreement if the sentence imposed does not exceed 71 months' imprisonment, the defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) **any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)** (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(l)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim of ineffective assistance of counsel

---

[1] The range included "a two-level reduction pursuant to U.S.S.G § 5K3.l ('fasttrack')." Plea Agreement (Doc. 32, p. 2).

or an otherwise-preserved claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Plea Agreement (Doc. 32, p. 4), *emphasis added*.

The sentencing range was calculated pursuant to the United States Sentencing Guidelines ("USSG") in the Pre-Sentence Report ("PSR"). Additionally, "[i]n anticipation of Congress adoption of amendments to the Sentencing Guidelines; the 2023 Guidelines Manual, incorporating all guidelines amendments, was used to determine the defendant's offense level." PSR (Doc. 46, p. 4). Sepulveda-Sandoval's Base Offense Level was 8, with 22 levels added for specific offense characteristics, for an Adjusted Offense Level (subtotal) of 30. With a three level decrease for acceptance of responsibility, Sepulveda-Sandoval's Total Offense Level was 27.

Sepulveda-Sandoval's Criminal History Computation included criminal convictions resulting in a subtotal criminal history score of nine. Because Sepulveda-Sandoval committed "the instant offense while under a criminal justice sentence for possession with intent to distribute heroin in U.S. District Court, Western District of Washington, Docket No. 2:14-cr-0059-RSL-8[,] **one point [was] added**." PSR (Doc. 46, p. 7), *emphasis added*, *citing* USSG §4A1.1(e). This resulted in a criminal history category of V. The USSG range was 120 months to 250 months.

Sepulveda-Sandoval was sentenced on February 26, 2024, to a 51 month term of imprisonment, to be followed by a 36 month term of supervised release. The downward departure from the guideline range was pursuant to an Early Disposition Program. Statement of Reasons (Doc. 46-1, p. 2).

*Waiver of Right to Request Modification Pursuant to 18 U.S.C. § 3582(c)*

The plea agreement appears to explicitly waive Sepulveda-Sandoval's right to make the request. The Ninth Circuit has recognized that such waivers may be enforced; however, § 3582(c) authorizes a court "on its own motion" to reduce a sentence. *United States v. Malone*, 503 F. Appx 499, 500 (9th Cir. 2012). The Court finds Sepulveda-Sandoval has

waived the right to seek a reduction in sentence pursuant to § 3582(c). However, because this Court has the authority to reduce Sepulveda-Sandoval's sentence on its own motion, the Court will consider the request.

*USSG Amendment 821*

A judgment of conviction that includes a sentence of imprisonment may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). This section establishes an exception to the general rule of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). The statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under this provision, the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

The Court must first determine if a retroactive amendment to the USSG lowered a defendant's guideline range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826. The Court must then consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. However, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in a defendant's term of imprisonment as not consistent with the policy statement if an "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG 1B1.10(a)(2)(B); *see also* USSG 1B1.10, Application Note 1.

Amendment 821 to the USSG took effect November 1, 2023, and applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, United States. Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (last accessed November 3, 2025). Amendment 821 is

bifurcated into Parts A and B.

Part A of Amendment 821 limits the criminal history impact of "status points" under USSG. § 4A1.1. Specifically, with regard to such "status points," a defendant who committed an offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status, previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to eliminate such status points for any defendant who otherwise has six or fewer criminal history points and apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. Sepulveda-Sandoval seeks a reduction of sentence pursuant to this amendment.

However, in anticipation of Amendment 821, Sepulveda-Sandoval's guideline range was calculated in compliance with the Amendment. Indeed, a review of the PSR indicates with his subtotal criminal history score of nine and because Sepulveda-Sandoval committed the instant offense while on supervised release, "**one point [was] added**." PSR (Doc. 46, p. 7), *emphasis added*, *citing* USSG §4A1.1(e). Further, because the sentencing was continued, Sepulveda-Sandoval was actually sentenced after the effective date of the Amendment. In other words, Sepulveda-Sandoval has already received the reduced sentence he now seeks. The Court finds Sepulveda-Sandoval is not eligible for relief.

*Appointment of Counsel*

As Sepulveda-Sandoval is not eligible for the requested relief pursuant to Part A of Amendment 821, the Court finds the appointment of counsel is not appropriate.

Accordingly, IT IS ORDERED the Motion for Sentence Reduction Under 18 U.S.C. §3582 Under Amendment 821 (Doc. 51) is DENIED.

. . . . .

. . . . .

. . . . .

1     IT IS FURTHER ORDERED the Clerk of Court shall mail a copy of this Order to Sepulveda-Sandoval at the following address:

>Alan Eduardo Sepulveda-Sandoval # 10632-273
>FCI Lompoc II
>3901 Klien Blvd.
>Lompoc, CA 93436

DATED this 3rd day of November, 2025.

>Cindy K. Jorgenson
>United States District Judge